Ex PARTE T. J. MARTIN, Petitioner.—52 S. W. (2d) 405.

Court en Banc, August 5, 1932.

*Bryan, Williams, Cave & McPheeters* and *Jeffries, Simpson & Plummer* for petitioner.

GANTT, J.—Petitioner seeks discharge from the custody of the Sheriff of St. Louis who restrains him under two writs issued by the circuit court of said city in the case of Blake et al. v. Skouras Bros. Enterprises, Inc., a Corporation, et al.

On May 14, 1932, plaintiffs caused the court to issue in said case a writ of attachment (so-called), commanding the sheriff to attach the body of petitioner and him safely keep and produce in court on May 17, 1932, to show cause, if any, why he should not be punished for contempt in refusing to obey an order made in interlocutory decrees entered in said case. By said decrees the court appointed receivers for defendant corporation, authorized them to take charge of its properties and ordered the individual defendants, who were officers of the corporation, and all other persons, to deliver properties of the corporation to said receivers.

Plaintiffs contended that petitioner was in control of properties of the corporation; that he was a nonresident and on a business visit to Missouri; that he would ignore a preliminary order to show cause by leaving the State, and for that reason the court should issue a writ of attachment commanding the sheriff to attach the body of petitioner and produce him in court. The court sustained the contention and, as stated, issued the writ.

The sheriff executed the writ on May 14, 1932, and produced the body of petitioner in said court on May 17, 1932. At that time petitioner moved for his discharge, alleging that he was unlawfully restrained of his liberty for reasons set forth in the motion. The court overruled the motion. Even so, plaintiffs doubted the legality of petitioner's restraint, and caused the court to issue another writ of attachment commanding the sheriff to attach the body of petitioner and forthwith produce him before the court to show cause,

if any, why he should not be punished for contempt in refusing to comply with the order entered in said interlocutory decrees. The sheriff immediately executed this writ by attaching the body of petitioner, who was then in court under the first writ of attachment. He did not produce the body of petitioner before the court, for said proceedings against petitioner were continued pending a hearing in this court. The sheriff made return that he holds petitioner under said writs of attachment.

Petitioner filed a brief in this court. Respondent sheriff was given leave to do so. He filed no brief and is not represented in this court. He submits the case on his return and petitioner's reply.

■ Petitioner challenges all of said proceedings against him as unlawful. He was not a party to the suit of Blake et al. v. Skouras Bros. Enterprises, Inc., a Corporation, et al., and he was not an officer of defendant corporation. In this situation he could have been notified of the order in the manner provided in Section 1102, Revised Statutes 1929, which follows:

"When a judgment requires the performance of any other act than the payment of money, a certified copy of the judgment may be served upon the party against whom it is given, and his obedience thereto required. If he neglect or refuse, he may be punished by the court as for a contempt, by fine or imprisonment, or both, and, if necessary, by sequestration of property."

■ It appears from the record that no certified copy of the interlocutory decrees was served on him, and it also appears that he was not otherwise notified of the order. Of course, it would not be contended that petitioner could be committed for contempt in refusing to obey an order of court of which he had no knowledge. In Ex parte Creasy, 243 Mo. 679, l. c. 689, 690, 148 S. W. 914, we said:

"Mere jurisdiction of the person and the subject-matter is not and should not be the test of a valid judgment in a contempt proceeding. This is the test in ordinary judgments, but out of respect for constitutional provisions with reference to the writ of *habeas corpus*, many courts have gone further and as to contempt judgments have said that in order to sustain the contempt judgment, it must not only be shown that the court had jurisdiction of the person, and of the subject-matter, i. e., contempt, but that it must be shown that under both the law and the *facts* the particular judgment should be sustained. . . .

"Nor can the court make contempt of that which is not contempt (Church, Hab. Corp., sec. 152); and every attempt to do so would be in excess of authority or jurisdiction, as much so as if the court had no authority or power to punish for contempt, either in rela-

tion to person or subject-matter. There must be contempt in order to justify punishment for that offense.''

Thus it appears that petitioner could not, in the proceedings pending against him in the circuit court, be committed for contempt. Other questions of jurisdiction are reserved. Petitioner should be discharged. It is so ordered. All concur.