**Lee R————, Petitioner,**

**v.**

**Don SOUDER, Sheriff of Douglas County, Missouri, Respondent.**

No. 7679.

Springfield Court of Appeals.

Missouri.

Oct. 23, 1957.

James E. Curry, Ava, for petitioner.

John M. Bragg, Ava, for respondent.

STONE, Judge.

In this original proceeding in habeas corpus, which is a companion case with G———— v. Souder, 305 S.W.2d 883, petitioner, Lee R————, likewise is held by the Sheriff of Douglas County, Missouri, under a "capias execution" which states that Lee "was convicted of the offense of contempt of court and his punishment was assessed at a term of thirty days in the county jail." As in Mary's case, Lee's conviction was upon a verified information filed by the Prosecuting Attorney of Douglas County under Section 211.400 RSMo 1949, V.A.M.S., in a separate case styled State of Missouri v. Lee R———— (hereinafter referred to as the contempt proceeding). After similar preliminary recitals that on the 5th day of April, 1957, in the Juvenile Court of Douglas County, Mary's three minor children "were adjudged to be neglected children and in need of the protection of said Juvenile Court" and that "it was ordered and adjudged that Lee R———— should not visit the home of Mary G———— where said children reside," the information charged that Lee "negligently disobeyed said orders and judgments so made of April 5th, 1957, by visiting in the home of Mary G————." Following trial, the court entered a "judgment of guilty of the charge of contributing to the neglect of children who are wards of the Juvenile Court of Douglas County" and assessed punishment. Subsequently, defendant was sentenced and the court ordered "defendant committed."

■■ For all of the reasons discussed in Mary's case, and for yet another, Lee also must be discharged. Lee was not a party to the neglect proceeding. The order of April 5, 1957, in that proceeding was not directed to him. And although the order in the neglect proceeding recited that Mary was present, nothing in the record before us indicates that Lee was then in court or that he had any knowledge of that order, prior to institution of the contempt proceeding against him. Under these circumstanc-

es, Lee's commitment for contempt may not be sustained. Consult Ex parte Martin, 330 Mo. 1142, 52 S.W.2d 405; 17 C.J.S. Contempt § 18, p. 23; Ibid., § 72b(2), p. 92; 12 Am.Jur., § 24, p. 405. And note the comment in Ex parte Le Mond, 295 Mo. 586, 594, 245 S.W. 1057, 1058, that " '(d)isobedience of an order by one to whom it is not addressed is not contempt.' "

The petitioner should be and is discharged.

McDOWELL, P. J., and RUARK, J., concur.